UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EC EDWARD COBB,

        Plaintiff,

v.

SOUTH CORRECTIONAL ENTITY, *et al.*,

        Defendants.

Case No. C20-607-BJR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff EC Cobb has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a viable claim for relief.

## II.    DISCUSSION

Plaintiff is a King County prisoner who is currently confined at the Regional Justice Center in Kent, Washington. Plaintiff filed the instant action in April 2020 while he was in Washington Department of Corrections ("DOC") custody and confined at the Washington State

REPORT AND RECOMMENDATION - 1

Penitentiary in Walla Walla, Washington. (Dkt. # 1.) Plaintiff alleged in his original civil rights complaint violations of his rights to fair treatment, to appropriate medical care, and to a grievance process that comports with policy, all relating to seizures he suffered while confined at the South Correctional Entity (SCORE) Jail in 2019. (Dkt. # 10.) Plaintiff identified SCORE, SCORE Nurse Brooks, SCORE Corrections Officer Orten, Highline Hospital, the King County Jail medical staff, and the Washington DOC Grievance Program Manager as Defendants in his complaint. (*Id*. at 2-4.) Plaintiff requested damages. (*Id*. at 24.)

Because Plaintiff failed to sign his complaint, the complaint was not immediately filed. Plaintiff finally submitted a signed copy of his complaint in July 2020 after which his complaint was filed and the Court screened the complaint in accordance with 28 U.S.C. § 1915A(a). (Dkt. ## 8, 10.) On July 29, 2020, this Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. # 11.) The Court explained in its Order that while Plaintiff had arguably alleged viable claims for relief against SCORE Nurse Brooks and SCORE Corrections Officer Orten, a significant number of the allegations contained in his complaint were insufficient to state a viable claim for relief against any named Defendant. (*Id*.) The Court described each of the deficiencies it had identified in the complaint and granted Plaintiff thirty days within which to file an amended complaint correcting those deficiencies. (*Id*.)

After repeated delays, Plaintiff finally submitted an amended complaint to the Court for review on February 9, 2021. (Dkt. # 19.) Shortly thereafter, on February 16, 2021, Plaintiff submitted another document that was also identified as an amended complaint. (Dkt. # 20.) That document was submitted on the Court's standard prisoner civil rights complaint form, but the form was only partially completed and was not signed. (*See id*.) The document was accompanied

REPORT AND RECOMMENDATION - 2

by a letter explaining that Plaintiff had forgotten to include "critical forms" with his previously filed amended complaint and requesting that he be granted additional time to re-file his entire amended pleading. (Dkt. # 20-1). On February 18, 2021, the Court received another letter from Plaintiff indicating that he was not satisfied with the "incomplete" amended complaint he had filed. (Dkt. # 21.) Plaintiff asked that the pleading be "pulled" from the docket and that he be provided an opportunity to re-file it. (*Id*.)

This Court's review of Plaintiff's submissions confirmed that his attempts to amend his original pleading were less than satisfactory. Plaintiff's amended complaint was substantially similar to his original complaint which was itself lengthy, confusing, and disorganized, and the manner in which Plaintiff attempted to amend his pleading merely added to the length and confusion of his original pleading without correcting any of the previously identified deficiencies. (*See* Dkt. # 19.) Plaintiff also failed to include with his amended pleading an updated signature page. (*See id*. at 33.) Because of the many deficiencies in Plaintiff's amended pleading, the Court, on April 23, 2021, issued an Order granting Plaintiff's request to withdraw his amended pleading and granting him leave to re-file his amended complaint. (Dkt. # 24.)

The Court indicated in its Order that though it would grant Plaintiff an opportunity to submit a new amended pleading, it would place some constraints on any new pleading in an effort to aid him in constructing a viable pleading. (*Id*. at 3.) In particular, the Court advised Plaintiff that it would require his amended pleading be limited to events that occurred at the SCORE facility in November 2019 and to claims alleged only against SCORE and its employees. (*Id*. at 4.) The Court explained that Plaintiff could pursue any claims relating to his subsequent periods of confinement at the King County Jail and in the DOC in separate actions.

REPORT AND RECOMMENDATION - 3

The Court also advised Plaintiff that his amended pleading must contain an original signature, and that he must ensure that any amended complaint comported with the pleading standards set forth in the Court's Order declining to serve his original complaint. (*Id*.) The Court went on to remind Plaintiff of those standards so that the expectations for his amended pleading would be clear. (*Id*. at 4-5.) The Court granted Plaintiff an extended period of time, until June 30, 2021, to file an amended complaint and advised him that if he failed to timely file an amended complaint, or to correct the deficiencies identified in his original pleading, the Court would recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B). (*Id*. at 6.)

To date, Plaintiff has not filed an amended complaint. Instead, Plaintiff has sent a series of letters to the Court in which he requests that he be provided copies of the entire case file, copies of documents submitted in another case Plaintiff filed in this Court, and various forms, many of which the Court does not possess.[1] (*See* Dkt. ## 28, 30, 32.) In one of his letters, Plaintiff objects to the constraints the Court placed on his amended complaint and he asks that his current complaint be allowed to move forward or, in the alternative, that he be granted another extension of time and copies of the requested documents. (Dkt. # 28.) Most recently, Plaintiff submitted to the Court a series of subpoena forms directed to SCORE and to two SCORE employees, the intent of which appears to be to collect evidence to be used at trial.[2] (Dkt. # 33.)

---

[1] The Clerk, in response to Plaintiff's request for copies of all documents on file in this case, advised Plaintiff that copies could be obtained at a cost of 50 cents per page. (Dkt. # 29.) The Clerk provided Plaintiff a copy of the docket report for his review and explained the process for obtaining the desired copies. (*See id*.) In a subsequent letter to the Court, Plaintiff advised that he could not afford the copies and maintained that he needed the copies because without them he would not know what needed to be corrected or what signature was missing. (Dkt. # 32.)

[2] Any attempt to conduct discovery at this juncture is premature given the absence of a viable complaint.

REPORT AND RECOMMENDATION - 4

This case has now been pending for almost sixteen months, and Plaintiff has yet to file a clear, concise, and viable pleading. While the Court understands that Plaintiff has been in and out of various facilities during this period of time, this does not relieve him of the obligation to litigate this action in a timely fashion and in accordance with the Orders and rules of this Court. Plaintiff has been given repeated opportunities, and a substantial amount of time, to correct deficiencies identified by the Court but he has failed to do so. The Court is not persuaded that copies of the entire case file are necessary for Plaintiff to submit a viable amended complaint. Plaintiff should, in fact, have been able to craft such a pleading based solely on the guidance provided by the Court in its most recent Order and on his personal knowledge of the facts which give rise to his claims. That Plaintiff has not done so, despite being given a fair amount of latitude by the Court, suggests that the most appropriate course of action at this juncture is to dismiss this action without prejudice to Plaintiff filing a new action at a later date when he is more prepared to litigate his claims.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief under § 1983. A proposed order accompanies this Report and Recommendation.

### IV.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

REPORT AND RECOMMENDATION - 5

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 10, 2021**.

DATED this 18th day of August, 2021.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6